**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: May 17, 2017**

Hon. Catherine J. Furay
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT     WESTERN DISTRICT OF WISCONSIN

*In re:*

Crapp Farms Partnership,

    Debtor.

Case No. 17-11601
Chapter 11

### AGREED INTERIM ORDER FOR LIMITED USE OF CASH COLLATERAL

Based upon the Agreement of the Debtor and BMO Harris Bank, N.A.,

IT IS HEREBY ORDERED:

1. BMO Harris Bank, N.A. ("BMO") holds a perfected security interest in the assets of the Debtor (hereinafter "Debtor" or "Partnership") as described in its security agreements as collateral for obligations owed to it by the Debtor, including accounts, deposit accounts and contract rights and proceeds thereof.

2. Prior to the filing of the Debtor's bankruptcy Petition, BMO held a perfected security interest in the personal property of the Debtor.

3. In order to protect BMO's security interest in Cash Collateral that existed on or after the date of the filing of Debtor's bankruptcy Petition, BMO is hereby provided with a first and paramount post-petition replacement lien on any and all accounts, deposit accounts and contract rights of Debtor, and proceeds thereof owned by Debtor and related to Debtor's current

livestock, trucking and excavating operations ("Cash Collateral"), which liens shall be deemed perfected as of May 3, 2017, the date of the filing of Debtor's bankruptcy Petition, upon the entry of this Order. BMO may, but is not required to, file a financing statement with the Wisconsin Department of Financial Institutions related to this lien. Said lien includes any such Cash Collateral that the Partnership has an interest in not otherwise described herein, but does not include any accounts, deposit accounts or contract rights or other such interests in any 2017 crops that may be planted to the extent that Debtor obtains Court approval for financing to plant during the duration of this order. BMO reserves all rights to object to any motion to approve post-petition financing.

4. Debtor may use cash collateral related to, or proceeds of, its livestock, trucking and excavating operations for post-petition expenses from May 15, 2017 through May 25, 2017, as follows:

    a. $113,453 for all payroll expenses figured from May 8 through May 21, 2017;

    b. $14,034.00 fuel;

    c. $8,509.00 for feed for cattle;

    d. $7,130.00 for feed for hogs;

    e. $404.00 for insurance;

  f. $2,140.16 to Alliant Energy for utilities;

  g. $22,714.67 for farm owner/liability insurance through Tricor, Inc.;

  h. $6,240.00 to Scenic Rivers for utilities;

  i. $748.57 to TDS for phone/cell service;

  j. $7,790.95 for health insurance;

  k. $550.00 for 401(k) contributions;

  l. $502.00 for farm gas; and

  m. $3,900.00 to Sunset View Farms for the May rent of 1,200 Head Hog Facility.

5. Other than as provided for in this Order, Debtor is not entitled to use cash collateral of BMO.

6. Upon Entry of this Order, BMO may, but is not required to, file a financing statement with the Wisconsin Department of Financial Institutions regarding the Cash Collateral identified herein.

7. In consideration for the foregoing use of cash collateral, from May 15, 2017 through May 25, 2017, Debtor shall deposit with BMO the following funds from the livestock and trucking operations:

  a. $41,000.00 of checks currently held by the Trucking operations;

      b.      $84,000.00 of proceeds from the hog operation; and

      c.      $100,000.00 of proceeds from the cattle operation.

8.      Unless extended by the parties or by order of the court, this Agreement shall terminate at 5:00 p.m. on May 25, 2017.

9.      BMO is not agreeing to advance additional funds, but is permitting Debtor to use Cash Collateral deposited with BMO to pay the expenses identified herein.

###